JOURNAL ENTRY AND OPINION
Petitioner-appellant Nuo Lucaj ("appellant") appeals from the order of the trial court dismissing his second petition for postconviction relief. For the reasons adduced below, we affirm the judgment of the trial court.
On June 24, 1988, the grand jury issued an indictment against appellant charging him with murder in violation of R.C. 2903.02
with a gun specification. At his arraignment on July 14, 1988, appellant entered a plea of not guilty.
The case proceeded to trial on November 14, 1988. After deliberation, the jury returned a verdict finding appellant guilty of murder. The jury also found appellant guilty of the gun specification. In a journal entry filed on December 1, 1988, the trial court sentenced appellant to consecutive prison terms of fifteen years to life for murder and three years on the gun specification.
Appellant, through counsel, filed a direct appeal of his conviction with this court. In that direct appeal, appellant's counsel raised seven assignments of error, including prosecutorial misconduct and ineffective assistance of trial counsel. In State v. Lucaj (May 17, 1990), Cuyahoga App. No. 56933, unreported, this court affirmed appellant's conviction.
On February 28, 1991, appellant filed a pro se petition for relief after judgment; this petition cited R.C. 2953.21 and was, in effect, a petition for postconviction relief based upon an allegation of ineffective assistance of counsel. In a journal entry filed on April 2, 1991, and corresponding findings of fact and conclusions of law filed on November 8, 1991, the trial court dismissed appellant's first postconviction petition.
On July 21, 1996, appellant filed pro se a second petition for postconviction relief. Once again, appellant asserted a claim of ineffective assistance of counsel. In a subsequent motion to amend his second petition for postconviction relief, appellant accused the state of prosecutorial misconduct, viz., "grand jury shopping." In a journal entry with findings of fact and conclusions of law filed on December 23, 1998, the trial court dismissed appellant's request for postconviction relief without conducting an evidentiary hearing. The trial court's decision was based on the doctrine of res judicata. On January 11, 1999, appellant filed a timely notice of appeal from this journal entry.
 I. THE TRIAL COURT'S RELIANCE UPON RES JUDICATA AS A VALID REASON FOR DISMISSING THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF, [SIC] WAS NOT ONLY IMPROPER UNDER THE CIRCUMSTANCES, BUT CONTRARY TO LAW AS WELL.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING AFTER THE APPELLANT HAD MADE A SUBSTANTIAL SHOWING OF INEFFECTIVE REPRESENTATION ON THE PART OF HIS TRIAL ATTORNEY.
In his first and second assignments of error, appellant insists that the trial court erred in denying his second request for postconviction relief based upon the doctrine of res judicata
without first conducting an evidentiary hearing. We will address these assignments concurrently because they involve common issues of law and fact.
As noted above, appellant appeals from the dismissal of his second petition for postconviction relief. R.C. 2953.23 (A) provides in part:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A) (2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
(Emphasis added.)
We find that appellant failed to set forth sufficient grounds to permit the court to entertain his second petition. R.C.2953.23 (A) expressly forbids courts from entertaining second or successive petitions for postconviction relief unless the petitioner shows both that: (1) he was unavoidably prevented from discovering the facts upon which the petition relies to present the claim for relief; and (2) that the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.State v. Martinelli (Dec. 5, 1996), Cuyahoga App. No. 70120, unreported.
In the instant case, appellant fails to present, or even allege, the discovery of new facts. In his second petition for postconviction relief, as subsequently amended, appellant essentially raised three claims for relief: (1) his trial counsel failed to object to a confusing jury instructions on self-defense; (2) his trial counsel failed to object to the prosecutor's questions regarding his refusal to give a written statement; and (3) his indictment for murder, after an initial, indictment for involuntary manslaughter, constituted "grand jury shopping" by the prosecutor. The facts underlying these arguments were known to appellant when he filed his direct appeal and his first postconviction petition.
Based upon the foregoing, we find that R.C. 2953.23 (A) prohibited the trial court from entertaining appellant's second petition for postconviction relief. Appellant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE. P.J. and ANNE L. KILBANE. J. CONCUR.
 _______________________ LEO M. SPELLACY JUDGE